UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:15-cv-414-JAW |
| ) | |
| RANDALL LIBERTY, ) | |
| Warden, Maine State Prison, ) | |
| ) | |
| Respondent ) | |

*RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION*

Petitioner Randall B. Hofland, an inmate at the Maine State Prison, has filed a petition pursuant to 28 U.S.C. § 2254.  Petition (ECF No. 1).  Following a jury trial, petitioner was convicted of kidnapping, criminal restraint with a dangerous weapon, criminal threatening with a dangerous weapon, and burglary.  The Law Court denied leave to appeal the sentence and affirmed the conviction on appeal.  The Superior Court subsequently summarily dismissed petitioner's post-conviction petition, and the Law Court denied discretionary review.  Following a review of the petition and the State's request for dismissal, I recommend that the Court grant the State's request, and dismiss the petition.

      **I. Factual Background and Procedural History**

The Law Court described the facts as follows:

  On the evening of October 23, 2008, Hofland was involved in an altercation with law enforcement officers at a roadblock during which officers allege Hofland pulled a gun and then sped off. Hofland spent the next eight days in the woods evading law enforcement.

  When he emerged from hiding on October 31, 2008, Hofland walked into the Stockton Springs Elementary School gymnasium with a loaded handgun and

1

> attempted to forcibly gather children and bring them into a school bathroom. When school officials interceded, Hofland pointed his gun at them. Hofland then forced his way into a classroom full of fifth grade students and held those students against their will until law enforcement officials arrived.

*State v. Hofland*, 2012 ME 129, ¶¶ 2-3, 58 A.3d 1023 (per curiam). Petitioner was indicted on 41 counts. State Court Record ("R.") (ECF No. 30) Vol. I, filed with Respondent's Answer to the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Answer") (ECF No. 29), No. BELSC-CR-2008-00334, Indictment.[1]

A bifurcated jury trial was held in 2011. *Hofland*, 2012 ME 129, ¶ 8, 58 A.3d 1023. In the first phase of the trial, one count was dismissed, and the jury returned a guilty verdict on all but one of the remaining counts.[2] *Id.* The second phase concerned criminal responsibility; the jury returned a verdict that Petitioner was criminally responsible. *Id.* Thus, petitioner was convicted of four counts of criminal threatening with a dangerous weapon (Class C), 17-A M.R.S.A. §§ 209, 1252(4); 11 counts of criminal restraint with a dangerous weapon (Class C), 17-A M.R.S.A. §§ 302(1)(A)(1), 1252(4); 22 counts of kidnapping (Class A), 17-A M.R.S.A. §§ 301(1)(A)(2), 301(1)(B)(1), 1252(4); one count of burglary (Class A), 17-A M.R.S.A.

---

[1] The State Court Record ("R.") is in three volumes. (ECF No. 30). Volumes I and II contain the Superior Court record for the criminal case, *State v. Hofland*, No. BELSC-CR-2008-00334. Volume III contains the record for the following: (1) Petitioner's direct appeal before the Law Court, No. Wal-11-180, *State v. Hofland*, 2012 ME 129, 58 A.3d 1023; (2) his request for a sentence appeal before the Law Court's Sentence Review Panel, *State v. Hofland*, No. SRP-11-181; (3) his petition for a writ of certiorari, *Hofland v. Maine*, No. 13-5529, which the U.S. Supreme Court denied, 134 S. Ct. 305 (2013); (4) his post-conviction review in the Superior Court, *Hofland v. State*, No. BELSC-CR-2014-00145; and (5) his request to the Law Court for a certificate of probable cause to appeal from the denial of his post-conviction petition, *Hofland v. State*, No. Wal-15-230. Record references to all but the published decisions include the state court record volume number, the case number, the document name, and, for multi-page paginated documents, the page number.

[2] The jury found Petitioner not guilty of count one, which charged criminal threatening with a dangerous weapon (Class C), 17-A M.R.S.A. §§ 209(1), 1252(4), relating to the events of October 23, 2008. *Hofland*, 2012 ME 129, ¶ 8, 58 A.3d 1023; R. Vol. II, No. BELSC-CR-2008-00334, Judgment and Commitment at 1. The docket sheet reflects that during the trial, the court entered a judgment of acquittal on count eight, which charged the same crime, i.e., criminal threatening with a dangerous weapon, but related to a different victim and the events of October 31, 2008. R. Vol. I, No. BELSC-CR-2008-00334, Docket Record at 30. The judgment reflects that count eight was dismissed. R. Vol. II, No. BELSC-CR-2008-00334, Judgment and Commitment at 4.

§ 401(1)(B)(1); and one count of criminal restraint (Class D), 17-A M.R.S.A. § 302(1)(A)(1).[3] *Hofland*, 2012 ME 129, ¶ 1, 58 A.2d 1023. The court sentenced Petitioner to 30 years and five years, to be served consecutively, and to 10 years and 364 days, to be served concurrently. *Id.*

In November 2012, the Sentence Review Panel denied leave to appeal the sentence. R. Vol. III, No. SRP-11-181, Order Denying Leave to Appeal from Sentence. Also in November 2012, the Law Court affirmed the judgment of conviction. *Hofland*, 2012 ME 129, ¶ 1, 58 A.2d 1023. In December 2012, petitioner filed a motion for reconsideration, and in January 2013, the Law Court denied the motion to reconsider.[4] R. Vol. III, No. 11-180, Motion for Reconsideration, Order Denying Motion to Reconsider.

In April 2013, Petitioner filed a petition in the United States Supreme Court for a writ of certiorari. R. Vol. III, No. 13-5529, Docket Record. On October 7, 2013, the Court denied certiorari. *Hofland v. Maine*, 134 S. Ct. 305 (2013).

On August 11, 2014, petitioner filed a pro se state court post-conviction petition, pursuant to 15 M.R.S.A. § 2121 *et seq.* R. Vol. III, No. BELSC-CR-2014-00145, Docket Record. In it he asserted that (1) the State had engaged in a conspiracy against him and concealed documents from him; (2) his right to a speedy trial was violated; (3) he experienced discrimination as a "class of one"; and (4) the sentence was excessive and violated his rights under the Eighth Amendment. R. Vol. III, No. BELSC-CR-2014-00145, Petition for Post-conviction Review at 3-4 and Addendum (entitled "Grounds Raised") to Petition for Post-conviction Review.

---

[3] Count two of the indictment charged petitioner with criminal restraint with a dangerous weapon (Class C), 17-A M.R.S.A. §§ 302(1)(A)(1), 1252(4). R. Vol. I, BELSC-CR-2008-00334, Indictment. The jury found petitioner not guilty of that charge, but the jury did find him guilty of the lesser-included charge of criminal restraint (Class D), 17-A M.R.S.A. § 302(1)(A)(1). R. Vol. I, BELSC-CR-2008-00334, Docket Record at 31-32, Judgment and Commitment at 1.

[4] The Law Court denied the motion rather than dismissing it. R. Vol. III, Wal-11-180, Order Denying Motion to Reconsider. This suggests that the Law Court addressed the motion on the merits.

In September 2014, the Superior Court issued an order to petitioner to show cause as to why the petition should not be dismissed as untimely under 15 M.R.S.A. § 2128-B(1)(A), or, alternatively, to show due diligence and newly discovered evidence under 15 M.R.S.A. § 2128-B(1)(C). R. Vol. III, No. BELSC-CR-2014-00145, Post-Conviction Order at 1-2.

In April 2015, the Superior Court issued an order noting that petitioner did not respond to the order to show cause, but instead petitioner filed an appeal, which the Law Court dismissed in December 2014. R. Vol. III, No. BELSC-CR-2014-00145, Order of Dismissal at 1-2.[5] The Superior Court noted that petitioner thereafter filed a motion to supplement his petition for post-conviction review. *Id.* at 2. The court concluded that petitioner had "failed to show good cause why the limitations period of § 2128-B should be tolled," and the petition was untimely. *Id.* Finally, the court concluded that "it plainly appears from the face of the petition that Petitioner fails to state any claim upon which post-conviction relief can be granted," and on that basis, the court summarily dismissed the state court petition. *Id.*

Petitioner sought a certificate of probable cause to appeal to the Law Court. R. Vol. III, No. Wal-15-230, Docket Record at 1, Memorandum in Support of Certificate of Probable Cause. In August 2015, the Law Court denied the request, stating in relevant part: "After reviewing the record, the Court has determined that no further hearing or other action is necessary to a fair disposition of the matter and that Hofland waived the timeliness issue." R. Vol. III, No. 15-230, Order Denying Certificate of Probable Cause. The Law Court denied petitioner's motion for reconsideration. R. Vol. III, No. 15-230, Order Denying Motion to Reconsider.

---

[5] The Law Court dismissed the appeal as interlocutory and untimely; the Law Court's order of dismissal is docketed at No. Wal-14-495 in the Law Court; it is included in the state court record in the section containing the Superior Court post-conviction matter, No. BELSC-CR-2014-00145.

4

Petitioner signed his section 2254 petition on October 2, 2015, and it was filed on October 7, 2015.[6] Petition at [1], [15]. Petitioner asserts four grounds, each of which parallels the grounds asserted in his state court post-conviction petition. Ground One of the section 2254 petition alleges racketeering and prosecutorial misconduct. Petition at [5]. Ground Two is a claim that petitioner's right to a speedy trial was violated. *Id.* at [7]. Ground Three claims "class of one" discrimination. *Id.* at [8]. Ground Four claims an Eighth Amendment violation of cruel and unusual punishment and an excessive sentence. *Id.* at [10].

Although petitioner is barred from making court filings without prior permission, the court concluded that petitioner's section 2254 petition fits within the exception to the bar against his making further filings.[7] Order (ECF No. 6).

The State notes the state court discussion of the timeliness issue, but the State concluded essentially that there was no timeliness issue, and, thus, the State bases its argument for summary dismissal of the section 2254 petition on the merits rather than on any timeliness issue. Answer at [4] & nn. 3,4, [5-7].[8]

---

[6] A review of the timing of the petitioner's state and federal filings indicates that petitioner's section 2254 motion was filed within the one-year period of limitation, pursuant to 28 U.S.C. §2244(d), and the State has not asserted any statute of limitations issue.

[7] The court's order in this case (ECF No. 6) notes that in *Hofland v. LaHaye*, No. 1:09-cv-00172-JAW, specifically in the order at ECF No. 103 in that case, it ordered petitioner not to make further filings without the court's prior permission. In *LaHaye*, the court found that petitioner had made a number of frivolous and egregious claims, including racketeering claims, against a number of state and private actors. *LaHaye*, No. 1:09-cv-00172-JAW, ECF No. 103 at 10-11. In the court's order in this case (ECF No. 6), the court concluded that petitioner's section 2254 petition was an exception to the bar. The First Circuit has since affirmed this court's orders, *LaHaye*, No. 1:09-cv-00172-JAW, ECF Nos. 130, 131, to return to petitioner documents that he sent to the court but that were not docketed due to an order pursuant to *Cok v. Family Court of R.I.*, 985 F.2d 32, 35 (1st Cir. 1993). *Hofland v. LaHaye*, No. 14-2181 (1st Cir. Dec. 14, 2015).

[8] The State, in its response to the section 2254 petition, states that it had concluded that the Superior Court incorrectly dismissed the state court petition on timeliness grounds, and that petitioner had raised the issue in his request for a certificate of probable cause. Respondent's Answer to the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Answer") (ECF No. 29) at [4] nn.3-4.

In addition to his section 2254 petition, petitioner has also filed a number of additional documents in which he makes allegations, requests discovery, requests the appointment of counsel, supplements the record, seeks to amend the petition, and seeks relief. Petitioner concedes that one of his filings, ECF No. 31, is moot. Reply (ECF No. 37) at [10].[9]

## II. Applicable Legal Standard

Petitioner seeks relief under 28 U.S.C. § 2254(a), which provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Pursuant to 28 U.S.C. § 2254(b)(1), a petitioner must exhaust state court remedies unless there is no available state corrective process or the available process is ineffective to protect the petitioner's rights.[10] Federal habeas review of a state court adjudication on the merits is limited; section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that

---

[9] Petitioner states that ECF No. 37 is intended to supplement and amend the petition, but he requests that ECF No. 37 not be interpreted as his reply to ECF No. 29. Petitioner's Reply (ECF No. 37) at [1-2, 8]. It appears that petitioner contends that, despite his numerous filings, he has not yet filed a reply to the State's answer, and he is holding off in the hope of obtaining his requested discovery. *Id.* In substance, however, ECF No. 37 is a reply to the State's answer, and petitioner has also reiterated his allegations many times in his numerous discovery motions.

[10] Title 28 U.S.C. § 2254(b) states:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
>
> **(B)(i)** there is an absence of available State corrective process; or
>
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> **(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

> was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A summary dismissal by a state court creates a rebuttable presumption that the state court adjudicated a federal claim that was presented to it: "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

> In [*Harrington*], we held that, when a state court issues an order that summarily rejects without discussion *all* the claims raised by a defendant, including a federal claim that the defendant subsequently presses in a federal habeas proceeding, the federal habeas court must presume (subject to rebuttal) that the federal claim was adjudicated on the merits. We see no reason why this same rule should not apply when the state court addresses some of the claims raised by a defendant but not a claim that is later raised in a federal habeas proceeding.

*Johnson v. Williams*, --- U.S. ---, ---, 133 S. Ct. 1088, 1091 (2013).

The Supreme Court has described section 2254 as a "formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, --- U.S. ---, ---, 134 S. Ct. 10, 16 (2013). Section 2254 "requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington*, 562 U.S. at 103).

7

### III.  Discussion

### A.  Claim of Racketeering, Prosecutorial Misconduct, and Judicial Misconduct

In Ground One of petitioner's section 2254 petition, he alleges racketeering conspiracies, as well as prosecutorial and judicial misconduct.  Petition at [5].  Interpreted liberally, his section 2254 petition asserts a claim alleging (1) a violation of his civil rights under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*; (2) a violation of petitioner's rights under *Brady v. Maryland*, 373 U.S. 83 (1963);[11] and (3) judicial misconduct.  Petition at [5].  Petitioner's *Brady* claim alleges that the State falsified and/or concealed evidence of an alleged state conspiracy against him before October 23, 2008, which was when he was stopped at the roadblock.  *Id.*  His judicial misconduct claim alleges a conspiracy to block his access to the courts.  *Id.*

Petitioner exhausted the racketeering claim in state court, pursuant to 28 U.S.C. § 2254(b)(1)(A).  The Law Court stated on direct appeal:

> Hofland enumerates twenty-five issues in the introductory section of his brief, then addresses ten in the body of his argument, with little correlation between the two. Most of Hofland's arguments center on a theory that numerous state actors, including this Court, conspired to convict him in violation of the Racketeer Influenced and Corrupt Organizations Act. *See* 18 U.S.C.S. §§ 1961-1968 (LexisNexis 2010). These issues are without merit and will not be discussed.

*Hofland*, 2012 ME 129, ¶ 10, 58 A.2d 1023.  Petitioner raised the issue of a "criminal conspiracy by government actors" in his post-conviction petition, R. Vol. III, No. BELSC-CR-2014-00145, Petition for Post-conviction Review at 3-4, and in his memorandum in support of a certificate of probable cause, R. Vol. III, No. WAL-15-230, Memorandum in Support of a Certificate of Probable Cause at 4.

---

[11] The Supreme Court held in *Brady v. Maryland,* 373 U.S. 83 (1963), that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87.

The racketeering claim fails because it is not cognizable in a section 2254 petition. The only relief available in a habeas action is release from custody, *see* 28 U.S.C. § 2254(a), and "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Relief under the RICO statute does not include release from custody. *See* 18 U.S.C. § 1964. Petitioner, therefore, may not pursue a RICO claim in this action.[12] Similarly, his claims for money damages (ECF No. 47) at [2], are not cognizable in a habeas action. *See* § 2254(a).

Petitioner's *Brady* claim alleges that a September 2013 affidavit of Gary Boynton, a private investigator, exposed new evidence that the State wrongly concealed from petitioner. Petition at [5].[13] Boynton stated in the affidavit that, during the summer of 2008, he reported to law enforcement that he believed that petitioner may have taken money and personal property from someone who had employed petitioner and who subsequently engaged Boynton to investigate petitioner. R. Vol. III, No. Wal-15-230, Memorandum in Support of Certificate of Probable Cause, Attachment Affidavit Exhibit D at 5. Petitioner also alleges that new evidence of State misconduct came to light in another case in this court, *Wiggin v. Town of Searsport*, No. 1:13-cv-00409-DBH.

---

[12] Because Petitioner's section 2254 claim fails, he would have no claim under 42 U.S.C. § 1983 were he to seek permission to bring such a claim; in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C. § 1983] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted).

[13] The Boynton affidavit was docketed at ECF No. 131-2 in another federal action filed by petitioner, No. 1:09-cv-00172-JAW. In petitioner's section 2254 action, the Boynton affidavit is in the state court record. R. Vol. III, No. Wal-15-230, Memorandum in Support of Certificate of Probable Cause, Attachment Affidavit Exhibit D at 5.

Petition at [5].  Petitioner alleges in his section 2254 petition that ECF No. 28 in the *Wiggin* case is new evidence of criminal conduct by the State.[14]  Petition at [5].

Petitioner's *Brady* claim is exhausted, as petitioner raised the issue in state court.  R. Vol. III, No. BELSC-CR-2014-00145, Petition for Post-conviction Review at 3-4 and Addendum at 5; R. Vol. III, No. Wal-15-230, Memorandum in Support of Certificate of Probable Cause at 3-4, 7, 12.

However, the *Brady* claim fails on the merits.  It fails under section 2254(d)(1), because petitioner has failed to demonstrate that the state court's denial of the claim was either contrary to or an unreasonable application of *Brady*, in which the Supreme Court held that the disclosure requirement applies to evidence that is "material either to guilt or to punishment."  *Brady*, 373 U.S. at 87.  The state court decision was not unreasonable because, even if one were to assume, for the sake of argument, that petitioner could prove his allegation that the State had withheld evidence of reports of theft, made to law enforcement sometime before October 31, 2008, that evidence is immaterial and irrelevant to petitioner's kidnapping and other crimes of conviction for the events of October 31, 2008.  *See id.*

The *Brady* claim also fails under section 2254(d)(2), because petitioner has failed to demonstrate that the state court's denial of the claim was based on an unreasonable determination of the facts in light of the evidence petitioner alleged in his state court petition.  *See Badger v. Hendricks*, 287 F. App'x 178, 183-84 (3d Cir. 2008) (noting that "[w]here, as here, the state court does not hold an evidentiary hearing, the federal court must look to the same evidence that the state court considered to determine if the state court's decision was in fact unreasonable in light of the evidence presented to it," and holding that the state court's determination that the petitioner's

---

[14] Document ECF No. 28 in the *Wiggin* case is a pretrial memorandum filed in December 2014 by the defendant in that case.  *Wiggin v. Town of Searsport*, No. 1:13-cv-00409-DBH, ECF No. 28.

claim was unsupported was not unreasonable). In this case, the state court's determination that petitioner's *Brady* claim did not warrant an evidentiary hearing was not unreasonable.

Petitioner's judicial misconduct claim alleges that the state court obstructed his filings. Motion (ECF No. 33) at [2]. Petitioner also alleges that the court "was determined to conceal any direct evidence of witness perjury, or [the prosecutor's] intentional suborning of such perjury." Motion (ECF No. 47) at [4].

Petitioner exhausted his claim of judicial misconduct. R. Vol. III, No. BELSC-CR-2014-00145, Petition for Post-conviction Review at 4 and Addendum at 3; R. Vol. III, No Wal-15-230, Memorandum in Support of Certificate of Probable Cause at 6.

However, the judicial misconduct claim fails on the merits under both section 2254(d)(1) and section 2254(d)(2). It fails under section 2254(d)(1), because petitioner has failed to demonstrate that the state court's denial of the claim was either contrary to or an unreasonable application of *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379 (2011), in which the Supreme Court noted the "'right of access to courts for redress.'" 564 U.S. at 387 (quoting *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 896-97 (1984)). Petitioner's claim fails under section 2254(d)(2) because petitioner himself alleges that he filed numerous claims in the state court. Exhibit 14 (ECF No. 4-3) at [3-5]. As to petitioner's allegation that the state court concealed evidence, the claim lacks merit because it is the prosecution that has obligations under *Brady*, not the court. *Brady*, 373 U.S. at 87-88. The state court did not unreasonably determine the facts when it denied petitioner's judicial misconduct claim.

Ground One should be denied with prejudice, without further proceedings.

11

## B. Claim of Speedy Trial Violation

In Ground Two of petitioner's section 2254 petition, he alleges that his Sixth Amendment right to a speedy trial was violated. Petition at [7]. Petitioner was indicted on December 30, 2008, and he was tried in January and early February of 2011. R. Vol. I, No. BELSC-CR-2008-00334, Docket Record at 5, 27-32.

Petitioner exhausted his state court remedies as to this claim by raising the issue on appeal, in his post-conviction petition, and in his request for discretionary review by the Law Court of the denial of his post-conviction petition. *Hofland*, 2012 ME 129, ¶¶ 11-12, 58 A.3d 1023; R. Vol. III, No. BELSC-CR-2014-00145, Petition for Post-conviction Review at 3-4 and Addendum at 9-10; R. Vol. III, No. Wal-15-230, Memorandum in Support of Certificate of Probable Cause at 11, 14.

Petitioner's claim fails on the merits, however, under both section 2254(d)(1) and section 2254(d)(2). The applicable Supreme Court precedent is *Barker v. Wingo*, 407 U.S. 514 (1972), which the Law Court applied in petitioner's appeal. *Hofland*, 2012 ME 129, ¶¶ 11-12, 58 A.3d 1023. In *Barker*, the Supreme Court determined:

> A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

407 U.S. at 530 (footnote omitted). In *Hofland*, the Law Court concluded that the trial court (1) correctly applied the four *Barker* factors; and (2) did not abuse its discretion in denying the motion after finding that petitioner "was the primary reason for the delay" and that petitioner had failed to demonstrate prejudice. *Hofland*, 2012 ME 129, ¶¶ 11-12, 58 A.3d 1023.

The Law Court's decision was not contrary to or an unreasonable application of *Barker*, and, therefore, petitioner's claim fails under section 2254(d)(1). Neither was the Law Court's decision based on an unreasonable determination of the facts under section 2254(d)(2). Pursuant to 28 U.S.C. § 2254(e)(1), petitioner has the burden to rebut the presumption of correctness of the state court's determinations of fact. Petitioner has failed to meet his burden to rebut the presumption that the state court's factual findings, that petitioner was primarily responsible for the delay and that petitioner was not prejudiced, were correct.

Ground Two should be denied with prejudice, without further proceedings.

### C. Claim of Discrimination

In Ground Three of petitioner's section 2254 petition, he asserts "class of one" discrimination. Petition at [8]. In substance, this claim appears to be largely a repeat of petitioner's claims of prosecutorial and judicial misconduct, and petitioner relies on the same evidence. Petition at [5-6, 8-9].

Petitioner exhausted his state court remedies. The Law Court discussed the issue of discriminatory enforcement in response to petitioner's argument that the kidnapping statute, 17-A M.R.S.A. § 301, and, particularly, the statutory term "substantial period," is unconstitutionally vague because it is not defined.[15] *Hofland*, 2012 ME 129, ¶ 20, 58 A.3d 1023. The Law Court held: "Although 'substantial period' is open to multiple interpretations, the statute does not encourage arbitrary enforcement and is sufficiently definite to inform a person what conduct is prohibited." *Id.* ¶ 21. Petitioner raised the issue of discrimination in his post-conviction petition and in his memorandum in support of a certificate of probable cause. R. Vol. III, No. BELSC-

---

[15] At issue is 17-A M.R.S.A. § 301(2), which, in relevant part, defines the term "restrain" to mean "to restrict substantially the movements of another person without the other person's consent or other lawful authority by . . . [c]onfining the other person for a substantial period . . . ." 17-A M.R.S.A. § 301(2)(C). *Hofland*, 2012 ME 129, ¶ 20, 58 A.3d 1023.

13

CR-2014-00145, Petition for Post-conviction Review at 4 and Addendum at 3-4; R. Vol. III, No. Wal-15-230, Memorandum in Support of Certificate of Probable Cause at 4.

Petitioner's claim fails under both section 2254(d)(1) and section 2254(d)(2). It fails under section 2254(d)(1) because the Law Court did not unreasonably apply clearly established Supreme Court precedent; on the contrary, the Law Court followed its own precedent, which in turn had followed *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) ("As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."). *Hofland*, 2012 ME 129, ¶ 20, 58 A.3d 1023 (quoting *State v. Aboda*, 2010 ME 125, ¶ 14, 8 A.3d 719, and *State v. Witham*, 2005 ME 79, ¶ 7, 876 A.2d 40). Petitioner's claim fails under section 2254(d)(1) because the Law Court's decision was neither contrary to nor an unreasonable application of *Kolender*. The claim fails under section 2254(d)(2) because petitioner has not rebutted the presumption of correctness of the state court finding that he had restrained the victims for a substantial period.

Ground Three should be denied with prejudice, without further proceedings.

### D. Claim of Excessive Punishment

In Ground Four of petitioner's section 2254 petition, he claims that his sentence of 35 years is excessive and in violation of the Eighth Amendment. Petition at [10]. He also alleges that the sentence was "retaliatory for exposing criminal conduct by involved state actors," and that it reflects a corrupt pattern of excessive sentencing by the Maine state court. *Id.* As with his other claims, he points to the Boynton affidavit and documents in *Wiggin* to support his sentencing claims. *Id.*

Petitioner exhausted the Eighth Amendment claim to the extent that he raised the allegations and arguments on appeal, in his post-conviction petition, and in his request for discretionary review by the Law Court of the denial of his post-conviction petition. *Hofland*, 2012 ME 129, ¶¶ 25-27, 58 A.3d 1023; R. Vol. III, No. BELSC-CR-2014-00145, Petition for Post-conviction Review at 4 and Addendum at 11-12; R. Vol. III, No. Wal-15-230, Memorandum in Support of Certificate of Probable Cause at 14. Although the Law Court did not discuss the Eighth Amendment in its opinion on petitioner's direct appeal, the State acknowledged in its appellate brief that petitioner had made the argument. *Hofland*, 2012 ME 129, ¶¶ 25-27, 58 A.3d 1023; R. Vol. III, No. Wal-11-180, Appellee's Brief at 1, 35. The issue was before the state court, and, thus, it adjudicated the issue. *See Harrington*, 562 U.S. at 99.

Petitioner's claim, to the extent it is exhausted, fails on the merits under both section 2254(d)(1) and section 2254(d)(2), however. The claim fails under section 2254(d)(1) because the Law Court's decision was not contrary to or an unreasonable application of clearly established Supreme Court precedent. In *Solem v. Helm*, 463 U.S. 277, 284 (1983), the Supreme Court held that the Eighth Amendment clause against cruel and unusual punishment "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." The Supreme Court held in *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003), that "[a] gross disproportionality principle is applicable to sentences for terms of years." However, "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme case.'" *Id.* at 73 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in judgment)).

15

> [A] state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."

*Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

The state court did not apply a rule that contradicts governing Supreme Court precedent; this is not a case in which the facts presented are materially indistinguishable from Supreme Court decisions regarding the Eighth Amendment proportionality issue but the result is different. In *Lockyer*, the Supreme Court held that it was not an unreasonable application of its precedent for a state court to affirm a sentence of two consecutive terms of 25 years to life in prison for a state "third strike," *i.e.*, recidivist, conviction of petty theft following prior convictions. *Id.* at 68, 77. In *Rummel v. Estelle*, 445 U.S. 263, 264-66 (1980), the Supreme Court held that a life sentence for felony theft with two prior state felony convictions did not violate the Eighth Amendment. In *Solem*, the Supreme Court held that a life sentence without parole for a seventh nonviolent "relatively minor" felony was grossly disproportionate and violated the Eighth Amendment. 463 U.S. at 279, 284, 303. *Solem* does not help petitioner, however, because petitioner's crime was not minor, and he was not sentenced to life in prison. In sum, the state court's sentencing rulings are not contrary to, or an unreasonable application of, Supreme Court precedent on the principle of disproportionate sentencing, and, therefore, petitioner's Eighth Amendment claim fails under section 2254(d)(1).

Petitioner's claim also fails under section 2254(d)(2). The state court found that petitioner "engaged in two distinct criminal episodes with two distinct criminal objectives," one of which took place in the school gymnasium and resulted in the five-year sentence, and the other of which took place in a classroom and resulted in the 30-year sentence. *Hofland*, 2012 ME 129, ¶ 27,

58 A.3d 1023.  Additionally, the state court found that the crimes were serious enough to warrant a consecutive sentence.  *Id.*  Because petitioner has not rebutted these findings by any evidence, let alone clear and convincing evidence, as is required under section 2254(e)(1), petitioner is not entitled to relief under section 2254(d)(2).

Ground Four also contains allegations that petitioner asserts he "only partially raised" in the state court because these allegations involve new evidence.  Petition at [10].  Petitioner alleges that (1) various prison officials, acting in a vast conspiracy going back to before his crimes and extending forward to 2016, have seized his legal documents, tampered with them, and otherwise impeded his ability to have access to his legal documents to pursue his claims; (2) prison officials have committed theft and violent crime against him; and (3) prison food and drink, as well as other prison conditions, are medically harmful.  These allegations are scattered throughout a number of petitioner's filings, including pending referred motions docketed at ECF Nos. 4, 20, 31, 33, 34, 39, 46, 51, 53, 57, 63 and 66.

These claims fail under 28 U.S.C. § 2254(e)(2)(B), which provides that an evidentiary hearing shall not be held unless the petitioner shows that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense."  Petitioner's allegations of new evidence, and the claims that are based on those allegations, have nothing to do with the crimes of conviction, and therefore petitioner is not entitled to an evidentiary hearing on those allegations.  As noted previously, relief other than release from custody on the underlying criminal judgment is not available in a habeas action.  *See* 28 U.S.C. § 2254(a).

Ground Four should be denied with prejudice, without further proceedings.

### E. Discovery Motions and Request for Appointment of Counsel

Petitioner has filed a number of motions that are either denominated as discovery motions or are filings that relate to discovery requests. In addition, petitioner has requested the appointment of counsel. Motion (ECF No. 33), at 4.

Most of petitioner's discovery requests also contain allegations similar to and repetitive of those alleged in the petition, i.e., allegations that petitioner argues entitle him to habeas relief. Some of the discovery requests concern unrelated cases. For the reasons stated elsewhere in this recommended decision, petitioner's allegations do not entitle him to habeas relief. Because the allegations do not support relief, petitioner has not demonstrated good cause for discovery intended to bolster those allegations.[16] Therefore, if the court adopts this recommended decision, petitioner's discovery requests will be dismissed as moot. Furthermore, because the petition lacks merit, the interests of justice do not warrant the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B).

### IV. Conclusion

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend that the court dismiss the petition for habeas relief under 28 U.S.C. § 2254 (ECF No. 1), and that the court deny a certificate of

---

[16] Discovery in section 2254 cases is governed by Rule 6 of the Rules Governing Section 2254 Cases, which provides in pertinent part:

> (a) **Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) **Requesting Discovery.** A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

appealability, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 13th day of May, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge