UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   1:15-cv-00414-JAW |
| | ) |
| RANDALL LIBERTY, | ) |
| | ) |
| Respondent. | ) |

**ORDER ON MOTION TO SUPPLEMENT AND MOTION FOR RECONSIDERATION**

On October 21, 2016, Randall B. Hofland moved this Court to reconsider its Order on Emergency Motion to Extend Time filed on October 14, 2016. *Pet'r Randall B. Hofland's Mot. for Recons.* (ECF No. 138) (*Mot. for Recons.*). In the Order, the Court granted, as he requested, Mr. Hofland's emergency motion to extend time to file post-judgment motions an additional seven days, making his post-judgment motions due on or before October 27, 2016. *Pet'r Randall B. Hofland's Emer. Mot. to Extend Time* (ECF No. 134) (*Emer. Mot.*); *Order on Emergency Mot. to Extend Time* at 1 (ECF No. 135) (*Order on Emer. Mot.*). In his motion for reconsideration, Mr. Hofland points to the fact that on October 14, 2016, he mailed a motion supplementing is emergency motion to extend time and asking for additional time from October 12, 2006 to November 2, 2016 to file his post-judgment motions and he then asks the Court to further extend the time to file his post-judgment motions to November 26, 2016. *Mot. for Recons.* at 2; *see Pet'r Randall B. Hofland's Supp. to Mot.* (ECF No. 136) (*Supp. Mot.*). The Court GRANTS Mr. Hofland's motion to extend

the time within which to file post-judgment motions. Those motions are now due on or before November 26, 2016. The Court DISMISSES as moot his supplement to the emergency motion, which had asked for an extension to November 2, 2016.

Also, in his motion for reconsideration, Mr. Hofland continues to complain that the Clerk's Office failed to provide him with a copy of the docket entries for *Hofland v. Ponte*, No. 1:12-mc-92-MJK, and for this case. *Mot. for Recons.* at 1-2. In its October 14, 2016 Order, the Court observed that a Carlton Wiggin, Jr. arrived at the Clerk's office on September 29, 2016 asking purportedly on behalf of Mr. Hofland for copies of the docket entries for both this case and *Ponte* cases and that the Clerk's office duly made the requested copies. *Order on Emer. Mot.* at 1-2. In its Order, the Court explained that before it ordered the Clerk's office to make another set of copies, the Court ordered Mr. Hofland to represent that Mr. Wiggin was acting for him in obtaining the first set. *Id.* at 2.

In his motion for reconsideration, Mr. Hofland refused to comply with the Court's Order. *Mot. for Recons.* at 2 ("Therefore, Petitioner hereby refuses to comply with the Court's Order") (emphasis in original). As best the Court understands it, Mr. Hofland acknowledges that Mr. Wiggin was acting on his behalf in obtaining copies of the docket entries in both *Ponte* and this case. *Id.* Indeed, Mr. Hofland says that Mr. Wiggin spent postage to mail these documents, but Mr. Hofland does not come out and admit that he received them. *Id.* If Mr. Wiggin obtained copies of the *Ponte* docket entries on September 29, 2016 and if Mr. Wiggin mailed those copies to Mr. Hofland on the same day, then the Court is confused as to why Mr. Hofland

requires yet another copy of those docket entries. The last docket entry in *Hofland v. Ponte*, No. 1:12-mc-00092-JAW, is dated March 7, 2013 and therefore Mr. Hofland should now possess a complete copy of all docket entries in that case. The Court will not order the Clerk's Office to copy and mail to Mr. Hofland another set of docket entries in *Hofland v. Ponte*, No. 1:12-mc-00092-JAW.

Regarding the docket entries in this case, Mr. Hofland moves for reconsideration "based on the truths found in ECF 129 & 134, plus as pleaded in ECF 137." *Id.* ECF number 129 is a motion to recuse and change venue based on this Judge's and Magistrate Judge Kravchuk's being "implicated in felony crimes by their involvement in multiple cases by and through their falsifications in 'facts' and law." *Mot. to Recuse; Mot. for Change of Venue* at 1 (ECF No. 129). The Court denied the motions on September 29, 2016. *Order Denying Mot. for Recusal*; *Denying Mot. for Change of Venue* (ECF No. 135). The Court will not dignify Mr. Hofland's scurrilous allegations by responding further, except to note that the contents of his motion have nothing to do with whether he is entitled to have the Clerk's office copy and mail to him yet another set of docket entries. ECF numbers 134 and 136 (mis-numbered by Mr. Hofland as 137) describe the difficulties that he is having making photocopies, accessing digital records, and connecting with a caseworker. *Emer. Mot.* at 1; *Supp. Mot.* at 1.

The Court remains uncertain why Mr. Hofland is unable to access its CM/ECF system and why he demands that the Clerk's office continually send him copies of updates to the docket entries in this case. Nevertheless, the Court will relent and

require the Clerk's office to copy and mail to Mr. Hofland the latest docket entries in this case.  Before the Court issues another similar order, Mr. Hofland will have to do a better job explaining why he is unable to access the Court's CM/ECF system and why he is unable to obtain for himself what he demands the Clerk's office do for him.

The Court GRANTS in part and DENIES in part Petitioner Randall B. Hofland's Motion for Reconsideration (ECF No. 138).  The Court GRANTS Randall B. Hofland's request for a further extension of time to November 26, 2016 for the filing of post-judgment motions; the Court DENIES Randall B. Hofland's motion for a copy of the docket entries in *Hofland v. Ponte*, No. 1:12-mc-00092-JAW; the Court GRANTS Randall B. Hofland's motion for an up to date copy of the docket entries in this pending case.  The Court DISMISSES as moot Petitioner Randall B. Hofland's Supplement to Motion (ECF No. 136).

SO ORDERED.

/s/John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE