UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDALL B. HOFLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00414-JAW |
| | ) | |
| RANDALL LIBERTY, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON MOTION TO COMPEL**

On February 17, 2017, Randall B. Hofland, a state inmate, moved to compel Randall Liberty and Attorney James E. Fortin:

(1) "to provide a notebook computer with a DVD drive plus all necessary software needed to allow Hofland to review and transcribe his remaining digital 'discovery' recordings in his cell as was previously done with a DVD player";

(2) "to also allow Hofland to type up his transcriptions using the Microsoft Word on said computer, plus permanently save the files then print out five (5) copies of each transcription";

(3) "to also provide Hofland with sufficient DVD blanks to produce four (4) copies of the digital discovery records and transcript, one set to be served on the District Court as one of more enumerated Exhibits holding other enumerated Exhibits as folders in said DVD disks";

(4) "to provide three (3) full copies of the filed indictments for CR-08-333 and CR-08-334 plus"

(5) "transcribe the full record of the Special Grand Jury proceedings for <u>Maine v. Hofland</u>, CR-08-334 on or about 30 December 2008 as well produce all digital or other records therefrom, and provide four (4) copies of all these materials, one to be filed with the docket, and all items not served upon the Court for this matter to be kept by Petitioner Hofland as evidence (except—eventually—the notebook computer provided by the Respondent)."

*Pet'r's Mot. to Compel* at 3 (ECF No. 163) (*Mot. to Compel*).

The context of these discovery demands harkens back to Mr. Hofland's petition for writ of habeas corpus, which he filed on October 7, 2015. *Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (ECF No. 1). On May 13, 2016, the Magistrate Judge issued a thorough recommended decision on Mr. Hofland's petition for writ of habeas corpus in which he recommended that the Court grant the state of Maine's request to dismiss Mr. Hofland's petition. *Recommended Decision on 28 U.S.C. § 2254 Pet.* (ECF No. 86).[1] On August 11, 2016, Mr. Hofland objected to the Recommended Decision. *Pet'r Randall B. Hofland's Objections to the Recommended Decision* (ECF No. 116). On August 15, 2016, this Court affirmed the Recommended Decision over Mr. Hofland's objection and ordered that no certificate of appealability be issued. *Order Affirming the Recommended Decision of the*

---

[1] In the Recommended Decision, the Magistrate Judge clarified that Mr. Hofland had been convicted of kidnapping, criminal restraint with a dangerous weapon, criminal threatening with a dangerous weapon and burglary. *Recommended Decision* at 1.

2

*Magistrate Judge* (ECF No. 118). On August 16, 2016, a judgment issued, dismissing Mr. Hofland's petition. *J. of Dismissal* (ECF No. 119).

On August 26, 2016, Mr. Hofland filed a motion to correct record and a motion to extend time to file a Rule 52(b), 59(e), and 60(a)(b)(d) motion. *Pet'r Randall B. Hofland's Mots. to: (1) Correct Record (F.R. Cv. P. 60(a), and (2) Extend Time to File F.R. Cv. P. 52(b), 59(e), 60(a)(b)(d) Mots.* (ECF No. 120). On August 29, 2016, the Court denied Mr. Hofland's motion to correct the record and granted his motion to extend. *Order Denying Mot. to Correct Record and Granting Mot. to Extend Time to File F.R. Cv. P. 52(b), 59(e), and 60(a), (b) and (d) Mots.* (ECF No. 121). Since then, Mr. Hofland has moved periodically to extend the time for the filing of his post-judgment motions and the motions are now due no later than April 24, 2017. *See Order Granting Mot. to Stay and Granting Mot. to Extend Time* (ECF No. 159). In addition, Mr. Hofland has inundated the Court with a prolific number of documents in anticipation of the filing of his post-judgment motion; by his reckoning, he is now up to exhibit number 183D. *See Letter from Randall B. Hofland* Attach. 183D (ECF No. 162).

Mr. Hofland's right to discovery in his § 2254 case is strictly circumscribed by Rule 6 of the Rules Governing Section 2254 Cases. Rule 6 provides that before discovery may be granted, a petitioner must first obtain leave of court and that the requesting party must provide reasons for the request. Mr. Hofland's expressed reason for his need for items one through five is that he has "collected credible evidence of an extensive racketeering enterprise operating within government offices

3

in Maine and via the Maine State Bar Association membership . . . ." On January 18, 2012, the Court addressed Mr. Hofland's persistent claims that there has been an extensive racketeering enterprise conspiring against him:

> Enough is enough. The federal courts are not the place for Mr. Hofland to playout his bizarre conspiracy theories and meritless private vendettas. The work of the Court is serious business and parties with meritorious claims must wait while the judges of this District expend untold hours unraveling the procedural tangles Mr. Hofland has wrought by his relentless and frivolous filings.

*Randall Hofland v. Richard LaHaye, Order on Recommended Decisions* at 11 (ECF No. 103), 1:09-cv-00172-JAW. Having previously warned Mr. Hofland in accordance with *Cok v. Family Court of R.I.*, 985 F.2d 32, 35 (1st Cir. 1993), the Court issued a filing restriction against further pleadings.

As Mr. Hofland is attempting to revisit his conspiracy theories in this case through the vehicle of a post-judgment motion following the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254, the Court concludes that he has not demonstrated good cause within the meaning of Rule 6(a) of the Rules Governing Section 2254 Cases for discovery and the Court therefore DENIES Petitioner's Motion to Compel and Motion for Copy of Indictments (ECF No. 163).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of March, 2017