UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDALL B. HOFLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00414-JAW |
| | ) | |
| RANDALL LIBERTY, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON PENDING MOTIONS**

On July 13, 2017, Randall B. Hofland filed three motions with the Court: (1) a motion to file late, (2) an objection to the Court's June 27, 2017 Order on Motion to Extend Time, and (3) a motion to compel return.  *Mot. to File Late* (ECF No. 197) (*Late Mot.*); *Pet'r Randall B. Hofland's Obj. to Order (196)* (ECF No. 198) (*Order Obj.*); *Pet'r Randall B. Hofland's Mot. to Compel Return* (ECF No. 201) (*Compel Mot.*).  On July 24, 2017, he filed a motion for return of originals and motion to extend time to September 7, 2017.  *Pet'r Randall B. Hofland's Mot. for Return of Originals and to Extend Time* (ECF No. 202) (*Jul. 24, 2017 Mot.*).

The genesis of these filings are the Court's June 26 and June 27, 2017 Orders, in which the Court granted Mr. Hofland's motions to extend time.  *Order* (ECF No. 192) (*June 26, 2017 Order*); *Order on Mot. to Extend Time* (ECF No. 196) (*June 27, 2017 Order*).  Specifically, on June 19, 2017, Mr. Hofland requested a thirty-day extension to file some additional documents and to file his reply to the Respondents' objection to Mr. Hofland's motion for a new trial.  *Pet'r Randall B. Hofland's Mot. to*

*Extend Time* at 1 (ECF No. 189) ("Petitioner moves for a 30 day extension of time to (a) acquire needed documents & docket sheet, and (b) then author his Reply to Defendant's Objections"). On June 26, 2017, the Court granted Mr. Hofland's request and gave Mr. Hofland until July 20, 2017, to file additional documents and his reply. *June 26, 2017 Order*.

Meanwhile, Mr. Hofland filed another motion to extend time, which the Court received on June 26, 2017, shortly after ruling on Mr. Hofland's first motion to extend time. *Pet'r Randall B. Hofland's Mot. to Extend Time and Notice of Intent to File Missing Record* (ECF No. 194). In this second motion, Mr. Hofland asked for an extension to July 22, 2017. *Id.* at 1. On June 27, 2017, the Court granted Mr. Hofland's request for what amounted to an additional two days within which to file the supposedly missing documents and his reply. *June 27, 2017 Order* at 2. But the Court warned Mr. Hofland that although it was granting his motion, he should not conclude that the Court was inclined to grant more extensions of time to supply supposedly missing records. *Id.* at 1–2.

Mr. Hofland now moves to vacate the Court's June 27, 2017 Order. *Order Obj.* at 1. He claims—incorrectly—that in its June 26, 2017 Order, the Court set the filing deadline for August 7, 2017. *Id.* He is upset because he believes that the Court moved the filing deadline up to July 22, 2017, in its subsequent June 27, 2017 Order. *Id.* ("Petitioner Randall B. Hofland therefore OBJECTS to the Court's sly resetting of the previously docketed time extension (8/7/2017)").

2

The Court never set the filing deadline for August 7, 2017; rather, in its June 26, 2017 Order, the Court set the deadline for July 20, 2017.  Upon investigation, the August 7, 2017 filing date was the result of a clerical error within the Clerk's Office.  The Clerk erroneously set August 7, 2017, as the filing date for Mr. Hofland's reply when it should have been July 20, 2017.

This is an example of how muddled the record can become as a result of Mr. Hofland's relentless filings; it is inevitable that at some point the Clerk's Office will make a mistake.  Mr. Hofland never requested an extension to August 7, 2017.  As noted earlier, his extension requests were until July 20, 2017, and July 22, 2017.  However, once the Clerk mistakenly denoted August 7, 2017, as the date for his reply, he seized upon the clerical error and declared that it was evidence of the Court's bad faith.

Nevertheless, because the August 7, 2017 date was the result of a clerical error, the Court allows Mr. Hofland until August 7, 2017, to file whatever new or missing documents that he wishes the Court to consider in his pending motion and to file his reply. The Court's allowance should not be misinterpreted.  Simply because Mr. Hofland files documents does not mean that the Court will consider them in ruling on his pending motion.  Mr. Hofland had the obligation to present the Magistrate Judge with all his evidence, not wait until the Magistrate Judge issued a recommended decision and then present the evidence on objection.

More recently, Mr. Hofland moved this Court to extend the date for filing documents and his reply until September 7, 2017. *July 24, 2017 Mot.*  The Court will

not do so.  Mr. Hofland's petition has been pending for nearly two years, and the Magistrate Judge's recommended decision has long since been affirmed.  It is past time to have Mr. Hofland's petition finally resolved.  The Court will issue a ruling on whatever is docketed as of August 7, 2017, waiting for an interval to make certain that the so-called mailbox rule has been complied with.  The Court places Mr. Hofland on notice that if he wishes to file documents and a reply, he must place those documents and his reply in the mail no later than August 7, 2017.

Finally, Mr. Hofland continues to make extraordinary demands on the Clerk's Office, insisting that they copy all original documents that he has filed, scan them, docket them, and return the originals to him.  *Compel Mot.* at 1; *July 24, 2017 Mot.* at 1.  The Court is unclear why Mr. Hofland requires this unusual treatment, although it appears to be related to some sort of tangle between Mr. Hofland and state of Maine authorities.  To expedite the resolution of this long-pending matter, however, the Court will reluctantly grant his request.

The Court GRANTS in part and DENIES in part Randall B. Hofland's Motion to File Late (ECF No. 197); Petitioner Randall B. Hofland's Objection to Order (196) (ECF No. 198); Petitioner Randall B. Hofland's Motion to Compel Return (ECF No. 201); and Petitioner Randall B. Hofland's Motion for Return of Originals and to Extend Time (ECF No. 202).  The Court GRANTS so much of the motions for extension as request an extension to August 7, 2017, but it denies so much of these motions as request a further extension.  The Court GRANTS the motions for return of documents.

4

SO ORDERED.

                                              <u>/s/ John A. Woodcock, Jr.</u>
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2017