UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RANDALL B. HOFLAND,                )
                                   )
        Petitioner,                )
                                   )
   v.                              )   1:15-cv-00414-JAW
                                   )
RANDALL LIBERTY,                   )
                                   )
        Respondent.                )

**ORDER ON MOTION TO EXTEND TIME AND MOTION FOR CLARIFICATION**

After interminable delays, the Court finally issued an order on October 3, 2017 denying Randall B. Hofland's motion for new trial, motion for new process, and motion for findings of fact and conclusions of law, challenging its order and judgment of August 15, 2016. *Order on Recons. of Order Affirming Recommended Decision* (ECF No. 244). The Clerk of Court entered an amended judgment on the docket the next day. *Am. J.* (ECF No. 245).

On October 27, 2017, Mr. Holfand filed a motion to extend time to file a motion against the judgment, asking for the time to be extended until November 15, 2017. *Pet'r Randall B. Hofland's Mot. to Extend Time to File and Mot. for Clarification* (ECF No. 250). Although Mr. Hofland's motion to extend for two weeks appears reasonable on its face, Mr. Hofland filed his petition on October 15, 2015. *Pet. for Writ of Habeas Corpus* (ECF No. 1). The Magistrate Judge issued his recommended decision on May 13, 2016. *Recommended Decision on 28 U.S.C. § 2254 Pet.* (ECF No. 86). The Court

affirmed the recommended decision on August 15, 2016 and on the same day, a judgment issued, dismissing Mr. Hofland's petition. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 118); *J. of Dismissal* (ECF No. 119).

Mr. Hofland did not like these orders and after filing countless motions for extension, he finally filed the post-judgment motions on May 26, 2017. *Pet'r Randall B. Hofland's Mot. for New Trial/New Process Pursuant to Fed. R. Civ. P. 59(e)* (ECF No. 183); *Pet'r Randall B. Hofland's Mot. for Findings* (ECF No. 184). The Defendant filed his response on June 5, 2017. *Respondent's Resp. to Pet'r's Mots.* (ECF No. 188). Mr. Hofland proceeded to file multiple motions to extend and to stay until the Court finally put its foot down on August 25, 2017 and required Mr. Hofland to place a reply in the mail by September 11, 2017. *Order on Objs. and Mot. for Recons.* (ECF No. 231).

Now apparently, Mr. Hofland proposes to file a post-judgment motion on the order denying his post-judgment motions on the order denying his petition. The Court warns Mr. Hofland that his new post-judgment motion must not replicate his old post-judgment motions. If the Court has committed an error, Mr. Hofland may proceed with whatever appellate rights are available to him. But he must not continue to press the same arguments the Court has already rejected under a different rule heading. The Court GRANTS Randall B. Hofland's motion for extension of time (ECF No. 250). He must place his post-judgment motion in the mail no later than November 15, 2017. The Court will not grant any further extensions.

Turning to the status of Exhibit 566, this also requires a word of explanation. As the docket in this matter reveals, Mr. Hofland has filed all manner of documents with the Court, ranging from police reports, newspaper articles, prison grievances, state court documents, copies of Maine statutory law, the list goes on. He has now filed over 500 exhibits with the Court. *See Reply to Resp. to Mot.* Attach. 586 (ECF No. 243). Mr. Hofland has an ongoing dispute with state prison authorities about his access to his papers, to the prison library, to copying machines, and the like. On July 26, 2017, the Court reluctantly granted his motion to require that the Clerk's Office scan, copy and mail back to Mr. Hofland the original documents he filed with the Court. *Order on Pending Mots.* (ECF No. 203). This unusual procedure was in response to Mr. Hofland's repeated motions to try and force the Clerk's Office to return his original documents to him, instead of filing copies or making a copy of the original filed documents. Obviously, given the volume of documents Mr. Hofland continued to file with the Court, something would go wrong. It seems it has.

On September 21, 2017. Mr. Hofland filed Exhibits Numbers 563 through 565. *Pet'r's Supplements to the Record* (ECF No. 240). On September 25, 2017, he filed a new set of exhibits. *Additional Attachs.* (ECF No. 242). On September 25, 2017, the Clerk's Office began with Exhibit Number 567, not 566 for this filing, and it appears that Exhibit 566 was omitted. *Id.* The Court does not know whether this was simply a counting mistake by the Clerk's Office, improperly skipping Exhibit Number 566, or whether the Clerk's Office received Exhibit 566, failed to scan it, and instead returned the original to Mr. Hofland. Mr. Hofland does not identify Exhibit 566 and,

3

unlike its usual procedure, where the parties are responsible for their own exhibits, the Clerk's Office returned the originals to Mr. Hofland.  Therefore, the Clerk's Office does not know what happened to Exhibit 566.  Mr. Hofland presumably does know, because the Clerk's Office returned all original exhibits to him.

The brief answer is that the Court does not know what happened to Exhibit 566.  The Court DISMISSES without prejudice Randall B. Hofland's Motion for Clarification (ECF No. 250).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2017