UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDALL B. HOFLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00414-JAW |
| | ) | |
| RANDALL LIBERTY, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER ON MOTION TO VACATE AND *COK* WARNING

On January 18, 2012, this Court issued an order prohibiting Randall B. Hofland from making any further filings with this Court without first obtaining the Court's permission in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993). *Id.* at 34-36 (requiring the Court to warn any litigant before restricting the litigant's ability to file). *See Hofland v. LaHaye*, Civil No. 1:09-cv-00172-JAW, *Order on Recommended Decisions* at 9-12 (ECF No. 103) (*Civil Cok Order*). This order was compelled by Mr. Hofland's relentless filing of frivolous cases. *Id.* When Mr. Hofland filed the pleadings in this case against Randall Liberty, the Court allowed him to proceed because his petition was filed under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, and therefore his petition was not barred by the Court's existing *Cok* order. *Order* at 1 (ECF No. 6).

Unfortunately, Mr. Hofland has proceeded in his habeas corpus petition in the same fashion as he proceeded in his other cases. Mr. Hofland believes that he is the true victim of the crimes for which he was convicted and sentenced in state court. He

views himself as the innocent subject of a gigantic conspiracy involving a vast array of persons in state and federal government and in private life. *See Civil Cok Order* at 10 ("Mr. Hofland proposes to sue all manner of state and private actors, ranging from judges, a district attorney, an assistant district attorney, a town police chief, state troopers, a private insurance defense lawyer, the Bangor Daily News, the Republican Journal, VillageSoup.com, and private individuals, all of whom he claims were engaged in a vast conspiracy to undermine his civil rights . . . ").

The essence of Mr. Hofland's pending habeas petition echoes these very same claims. After the Court issued its order on October 3, 2017, denying his post-judgment motions, and the next day entered an amended judgment in favor of the Defendant, Mr. Hofland moved to extend the time to file a motion against the judgment. *See Order on Recons. of Order Affirming Recommended Decision* (ECF No. 244); *Am. J.* (ECF No. 245); *Pet'r Randall B. Hofland's Mot. to Extend Time to File and Mot. for Clarification* (ECF No. 250). The Court reluctantly granted his motion for extension, but observed that Mr. Hofland "proposes to file a post-judgment motion on the order denying his post-judgment motions on the order denying his petition." *Order on Mot. to Extend Time and Mot. for Clarification* at 2 (ECF No. 251). The Court warned Mr. Hofland that "his new post-judgment motion must not replicate his old post-judgment motions." *Id.*

Despite this clear warning, in his motion to vacate, Mr. Hofland repeats the same conspiracy claims that have been the hallmark of his numerous civil actions and that are the gravamen of his pending habeas petition. *Pet'r Randall B. Hofland's*

*Mot. to Vacate the Am. J. [245], J. [119], and Orders [248, 244, 118] for Fraud upon the Ct. Pursuant to Fed. R. C[i]v. P. 60(b)(d), see Rule 60(b)(3)(6), Rule 60(d)(3)* (ECF No. 253). Mr. Hofland's motion to vacate leads off with the same conspiracy claims that the Court has repeatedly rejected:

> At issue herein is the truth versus a federal judge's false claim about conspiracy facts otherwise well proven—plus more importantly— the greater evidence of such as then also very carefully concealed by governmental action from multiple state and federal litigations by government actors and their associates including this judge. I.e., by and through pernicious state-action and also federal action conspiracies that target Petitioner Randall B. Hofland.

*Id.* at 1. The motion to vacate goes on for fifteen pages with his unique perspective of this asserted conspiracy. *Id.* at 1-15.

As the Court wrote on January 18, 2012,

> Enough is enough. The federal courts are not the place for Mr. Hofland to play out his bizarre conspiracy theories and meritless private vendettas. The work of the Court is serious business and parties with meritorious claims must wait while the judges of this District expend untold hours unraveling the procedural tangles Mr. Hofland has wrought by his relentless and frivolous filings. . . This must stop.

*Id.* at 11. The Court expressly warns Mr. Hofland that if he persists with similar filings in his pending petition for writ of habeas corpus, filing restrictions may be in the offing. Mr. Hofland must not continue to challenge the Court's judgment by filing post-judgment motion after post-judgment motion, even post-judgment motions on orders denying post-judgment motions. It is an abuse of the legal process. Although the Court ordered that no certificate of appealability should issue because there has been no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2), Mr. Hofland must turn to the Court of Appeals for the First

Circuit for any further legal relief on this pending petition for writ of habeas corpus. *See Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 118).

Having reviewed Mr. Hofland's most recent filing, the Court DENIES Petitioner Randall B. Hofland's Motion to Vacate the Amended Judgment [245], Judgment [119], and Orders [248, 244, 118] for Fraud upon the Court Pursuant to Fed. R. C[i]v. P. 60(b)(d), see Rule 60(b)(3)(6), Rule 60(d)(3) (ECF No. 253). There is simply no basis to conclude that the grand conspiracy, which underlies Mr. Hofland's petition and the pending motion, ever existed.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of November, 2017