UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDALL B. HOFLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00414-JAW |
| | ) | |
| RANDALL LIBERTY, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER OVERRULING OBJECTION**

On October 7, 2015, Randall B. Hofland filed a petition for writ of habeas corpus pursuant to 18 U.S.C. § 2254. *Pet. for Writ of Habeas Corpus* (ECF No. 1). On May 13, 2016, the Magistrate Judge issued a nineteen-page recommended decision in which he concluded that the petition should be dismissed. *Recommended Decision on 28 U.S.C. § 2254 Pet.* (ECF No. 86). On August 15, 2016, this Court affirmed the recommended decision, dismissed the petition, and ordered that no certificate of appealability be issued. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 118). On August 16, 2016, a judgment issued, dismissing Mr. Hofland's petition. *J. of Dismissal* (ECF No. 119).

After receiving numerous extensions of time, Mr. Hofland finally filed a post-judgment motion on May 26, 2017 together with a motion for findings of fact and conclusions of law. *Pet'r Randall B. Hofland's Mot. for New Trial/New Process Pursuant to Fed. R. Civ. P. 59(e)* (ECF No. 183); *Pet'r Randall B. Hofland's Mot. for Findings* (ECF No. 184). On October 3, 2017, the Court denied Mr. Hofland's motion

for new trial and findings. *Order on Mot. for Recons. of Order Affirming Recommended Decision* (ECF No. 244). This Order was reduced to an amended judgment, which was filed on October 4, 2017. *Am. J.* (ECF No. 245).

On October 16, 2017, Mr. Hofland objected to the order overruling his objection to the order affirming the Magistrate Judge's recommended decision. *Pet'r Randall B. Hofland's Obj. to Order [244]* (ECF No. 246). On October 20, 2017, the Court denied Mr. Hofland's October 16, 2017 objection. *Order* (ECF No. 248).

On November 20, 2017, Mr. Hofland filed a motion to vacate the amended judgment. *Pet'r Randall B. Hofland's Mot. to Vacate the Am. J. [245], J. [119], and Orders [248, 244, 118] for Fraud upon the Ct. Pursuant to Fed. R. C[i]v. P. 60(b)(d), see Rule 60(b)(3)(6), Rule 60(d)(3)* (ECF No. 253). On November 28, 2017, the Court issued an order denying these motions and issued a warning to Mr. Hofland in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993) that if he persisted with relentless and frivolous filings, filing restrictions would be in the offing. *Order on Mot. to Vacate and* Cok *Warning* (ECF No. 255) (Cok *Order*).

Despite the November 28, 2017 Order, Mr. Hofland filed yet another objection to the Court's order. *Pet'r Randall B. Hofland's Obj. to [255] Order* (ECF No. 256). There is some ambiguity as to whether Mr. Hofland is requesting relief from this Court or from the Court of Appeals for the First Circuit. Mr. Hofland filed the motion in this Court just before he filed a notice of appeal to the First Circuit Court of Appeals and he captioned the motion with this Court's heading. *Id.* at 1-6. Nevertheless, Mr. Hofland "demands relief from the First Circuit Court of Appeals." *Id.* at 6. To the

2

extent that the First Circuit Court of Appeals views this motion as one encompassed by Federal Rule of Appellate Procedure 4(a)(A), (B), the Court OVERRULES Petitioner Randall B. Hofland's Objection to [255] Order. As Mr. Hofland concedes, he is raising in this objection the same evidence and arguments that the Court previously rejected and warned him not to persist with. *Id.* at 4.

Mr. Hofland violated the Court's November 28, 2017 Order by reiterating the same conspiracy allegations that the Court has continually rejected and that the Court warned him against repeating. Cok *Order* at 2-3. Mr. Hofland has also violated the order by making scurrilous personal attacks against this Judge. *Id.* at 1 ("All that judge John A. Woodcock Junior's fraud—which contains Michael Flynn 18 U.S.C. § 1001(a)(1)(2)(3) falsehoods, misrepresentations and concealments of material facts"), at 6 ("John A. Woodcock, Junior must also be fully prosecuted for his criminal conduct").

Mr. Hofland's conduct of this litigation is a repetition of his conduct of his other multiple lawsuits in this Court and at the First Circuit. In *Hofland v. Cyr*, No. 10-1880 (1st Cir. Feb. 4, 2011), the First Circuit wrote "that this is the sixth appeal that Hofland has recently pursued, each of which has been summarily affirmed. In light of this prior litigation, we warn Hofland that any future frivolous appeal may be subject to sanctions." On January 18, 2012, this Court issued a filing restriction against Mr. Hofland based on his "relentless and frivolous filings" in the eight civil cases he had filed with this Court. *Hofland v. LaHaye*, 1:09-cv-00172-JAW, *Order on Recommended Decisions* at 11-12 (ECF No. 103). In this case, this Court allowed Mr.

3

Hofland to proceed because his petition under 28 U.S.C. § 2254 for writ of habeas corpus was not barred by the Court's January 18, 2012 order. *Order* (ECF No. 6). Unfortunately, Mr. Hofland has used his § 2254 petition to make the same frivolous and scurrilous allegations that were the hallmark of his prior lawsuits.

The Court concludes that Mr. Hofland violated the *Cok* Order and the Court therefore ORDERS:

Except for filings, if any, challenging this Order, the Court prohibits any further filings by Randall B. Hofland without prior permission from this Court. If Mr. Hofland wishes to file any other pleadings in this Court, including new lawsuits, he must file a motion for leave to file the specific pleading. In the motion for leave, Mr. Hofland must explain the type of pleading he seeks to file, he must attach the proposed pleading to the motion, and the motion for leave to file must not exceed three pages. A judge shall review the proposed pleading and the motion for leave to file and will determine whether such a pleading shall be allowed. In the absence of a motion to allow filing and a court order allowing a pleading, the Court directs the Clerk not to accept Mr. Hofland's filings and to instead return them to him immediately. *See Chadbrown v. Coles*, Nos. 2:11-cv-00145-GZS, 2:11-cv-00219-GZS, 2011 U.S. Dist. LEXIS 127913, 3-4 (D. Me. Nov. 2, 2011).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of December, 2017